**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 18, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

REBA G. WEAVER,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

      Defendant-Appellee.

No. 09-7044
(D.C. No. 6:07-CV-00361-FHS-KEW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON**, and **EBEL**, Circuit Judges.

---

Reba G. Weaver, appearing pro se, appeals from a judgment of the district
court affirming the Commissioner's denial of her application for disability
insurance benefits. Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.
§ 405(g), we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. Background

Ms. Weaver claims to have been disabled since January 15, 2004, as a result of lupus, rheumatoid arthritis, and hypertension. She was 50 years old at the time of the Commissioner's final decision. She completed high school, and her past work experience was as a cashier/clerk.

Ms. Weaver complained of right knee pain to treating physicians beginning in 2003. She was diagnosed with arthritis in the right knee, for which she has been prescribed Vioxx, Relafen, Tramadol, Panlor, and Lortab. She was diagnosed with lupus in August 2004, and started on medication for lupus. In December 2004, Dr. Abu-Esheh, a consultative physician, examined her. He found no edema in her hands, knees, or pretibial areas, but did find swelling in her right knee with possible effusion. He stated she had a strong and firm grip strength, and was able to do both gross and fine manipulation with her hands. He also stated that Ms. Weaver had a safe and stable gait with slow speed and right side limping due to knee pain; did not use any assistive device to walk; and had no range of motion restrictions.

A state agency physician, Dr. Mungul, reviewed Ms. Weaver's medical records and opined in January 2005, that Ms. Weaver had the residual functional capacity (RFC) to stand, walk, and sit for six hours a day; occasionally lift or carry 20 pounds; frequently lift or carry 10 pounds; and had unlimited ability to

push or pull.  Ms. Weaver's doctor increased her medication for her knee pain in February 2005.

At a hearing before an Administrative Law Judge (ALJ), Ms. Weaver testified that she could not work or use her hands, and that she occasionally used a cane to walk.  She stated she could only stand for ten to fifteen minutes, sit for one to two hours; lift only ten pounds; and could not walk even one block because of pain.   She acknowledged that her doctors had not placed any limits on her activities, but stated they had told her to use her judgment to do what she could.  She said she had arthritis pain in her knees, calves, legs, shoulders, back and hands.

A few weeks after the administrative hearing, in October 2006, Ms. Weaver was examined by a physician's assistant, Ms. Gourd.  Ms. Gourd completed a physical functional capacity form on which she indicated that, in an eight-hour day, Ms. Weaver could sit for two hours, stand for one hour, and walk for one hour.  Ms. Gourd stated Ms. Weaver could never lift or carry more than ten pounds and, due to her chronic diseases, was totally restricted in numerous activities, including driving, standing, walking and sitting.  The ALJ did consider Ms. Gourd's evidence in reaching his decision.

In his decision, the ALJ determined that Ms. Weaver had the following severe impairments:  obesity, systemic lupus erythematosus, degenerative arthritis in her right knee, and deep vein thrombosis, but that alone and together they did

not meet or medically equal one of the impairments listed in the Social Security regulations. At step four of the five-part sequential evaluation process, *see Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps), the ALJ found that Ms. Weaver had the RFC to occasionally lift or carry twenty pounds and frequently lift or carry ten pounds; to stand and/or walk with normal breaks for six hours in an eight-hour workday; to sit with normal breaks for six hours in an eight-hour workday; and to occasionally climb, balance, stoop, kneel, and crawl. He concluded that she was not disabled because she could perform her past relevant work as a cashier/clerk. The Appeals Council denied her request for review, making the ALJ's denial of benefits the agency's final decision. The district court affirmed.

## II. Discussion

We review the ALJ's decision independently to determine whether it is "free from legal error and supported by substantial evidence." *Id*. In making these determinations, "[w]e do not reweigh the evidence or retry the case, but we meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings[,] in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal quotation marks omitted). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quotation omitted).

Ms. Weaver raises two issues on appeal. First, she contends that the ALJ erred in giving greater weight to Dr. Mungul's RFC opinion than to Mary Gourd's RFC opinion. Second, she contends that she did not follow her doctor's orders to take Tylenol, lose weight and do water aerobics because she could not afford medical treatment of any kind.

*Waiver.* The Commissioner responds that Ms. Weaver has waived these arguments by failing to raise them before the district court. "The scope of our review . . . is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal." *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996). If a claimant fails to present an issue to the district court, the issue is waived unless compelling reasons dictate that the waiver be excused. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994). A pro se litigant's materials are entitled to a liberal reading, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and, consequently, "we make some allowances for the pro se [litigant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," but "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks and bracket omitted).

Affording Ms. Weaver the liberal reading to which her appellate materials are entitled, we conclude that she preserved her arguments challenging the ALJ's evaluation of Dr. Mungul's and Ms. Gourd's evidence.  Her complaint and district court brief made no mention of Ms. Gourd's opinion, nor did she allege that the ALJ erred in its evaluation of Ms. Gourd's opinion.  Nonetheless, she did claim that "[o]ther evidence of medical records (overwhelms) the evidence upon which the Commissioner relied upon."  R. at 32.  We conclude this sufficiently challenged the weight given by the ALJ to Dr. Mungul's and Ms. Gourd's evidence to preserve this issue for appellate review.

We are compelled to conclude, however, that Ms. Weaver waived any argument related to her failure to follow medical treatment.  Ms. Weaver has never argued before that she could not afford to follow her physician's advice.  She did not raise this issue in her administrative hearing or in her complaint or brief to the district court.  Nor is there any evidentiary support for this claim in the record.

*Weight Given to RFC Evidence.*  Ms. Weaver raised two specific issues regarding the ALJ's determination of her RFC.  First, that the ALJ gave incorrect weight to Dr. Mungul's opinion that she could lift twenty pounds occasionally and ten pounds frequently.  Second, affording a very liberal reading of her brief, that the ALJ failed to consider Ms. Gourd's opinion that she could only lift ten pounds.

The ALJ did consider Ms. Gourd's opinion. The ALJ stated that while Ms. Gourd's evidence was helpful in learning more about Ms. Weaver's condition, it was not entitled to significant weight because Ms. Gourd is not "an acceptable source of medical evidence," citing 20 C.F.R. 404.1513. R. at 18. The ALJ did not commit legal error in giving greater weight to Dr. Mungul's RFC evidence than to Ms. Gourd's. The opinion provided by Ms. Gourd is not entitled to the same deference as the opinion provided by Dr. Mungul because Ms. Gourd is not a physician, but is a physician's assistant, which is not an "acceptable medical source" under the social security regulations. 20 C.F.R. § 404.1513(a), (d)(1). Only "acceptable medical sources" can establish the existence of a medically determinable impairment, give medical opinions, and be considered treating sources whose medical opinions may be entitled to controlling weight. Social Security Ruling (SSR) 06-03p, 2006 WL 2329939. at *2 (Aug. 9, 2006); *see also Frantz v. Astrue*, 509 F.3d 1299, 1301 (10th Cir. 2007) (discussing SSR 06-03p and related regulations).

Further, the ALJ's RFC determination is supported by substantial evidence in the record. None of Ms. Weaver's treating physicians indicated that she had any work-related restrictions. Dr. Abu-Esheh's report did not indicate any functional limitations and stated that her range of motion was normal in all joints. As noted, Dr. Mungul took into account Ms. Weaver's limitations, but opined that

Ms. Weaver had the RFC to perform light and sedentary work, including the ability to lift twenty pounds occasionally and ten pounds frequently.

The ALJ's RFC determination is an issue reserved to the Commissioner. Although opinions on such issues are not binding on an ALJ, the ALJ "must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record." SSR 96-5p, 1996 WL 374183, at *3 (S.S.A. July 2, 1996). As we have discussed, the ALJ met this requirement, and his determination is free of legal error and supported by substantial evidence.

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge