FILED
United States Court of Appeals
Tenth Circuit

April 26, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FERNANDO BOTELLO,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

      Defendant-Appellee.

No. 09-1238
(D.C. No. 1:07-CV-02396-CMA)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Fernando Botello appeals from an order and memorandum of decision

entered by the district court affirming the Social Security Commissioner's denial

of his application for disability insurance benefits under the Social Security Act.

Exercising jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we

affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.

Mr. Botello has a sixth grade education and was previously employed as a tire repair man, automobile detailer, lubrication service worker, and automobile parts runner. He alleges that he became disabled in September 1999, at the age of forty five, due to back problems and pain, diabetes, and depression and anxiety. Because Mr. Botello's insured status expired on December 31, 1999, he was required to prove that he became disabled prior to that date. Mr. Botello's medical history is thoroughly summarized in the district court's order and memorandum of decision, *see* Aplt. App., Vol. I at 62-68, and in the Commissioner's response brief, *see* Aplee. Br. at 6-16, and we will not repeat that history here. Although Mr. Botello resided in Denver, Colorado, at the time of the most-recent hearing before the ALJ in March 2007, he was a resident of Fort Morgan, Colorado, during the four-month time period in 1999 that is relevant to this appeal.

An Administrative Law Judge (ALJ) initially denied Mr. Botello's application for disability benefits in a decision issued in October 2003. However, in March 2006, the United States District Court for the District of Colorado reversed the ALJ's denial of benefits and remanded the case to the Commissioner for further proceedings. Subsequently, in April 2007, the same ALJ issued a second decision denying Mr. Botello's application for disability benefits, finding

that, while he was unable to perform his past relevant work, he was capable of performing other work that exists in significant numbers in the national economy.

In September 2007, the Appeals Council denied Mr. Botello's request for review of the ALJ's decision. Mr. Botello then filed a complaint in the district court, seeking, for a second time, to have the ALJ's denial of disability benefits reversed. In April 2009, the district court entered a twenty-six page order and memorandum of decision affirming the denial of Mr. Botello's application for benefits. This appeal followed.

**II.**

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). In reviewing the ALJ's decision, "we neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Instead, we review the decision only to determine whether the correct legal standards were applied and whether the ALJ's factual findings are supported by substantial evidence in the record. *See Doyal*, 331 F.3d at 760.

In this appeal, Mr. Botello claims the ALJ committed reversible error by: (1) failing to reopen his prior applications for disability benefits; (2) failing to find that Mr. Botello cannot read or write; (3) failing to consider the distance that Mr. Botello would have to travel to work in assessing the number of jobs

-3-

available to him in the regional economy (*i.e.*, Colorado); (4) failing to properly evaluate the opinions of his treating physician, Dr. Lindell, and his chiropractor, Dr. Kallsen; and (5) failing to consult a medical expert to determine the onset date of Mr. Botello's alleged disability. We agree with the Commissioner that Mr. Botello waived the first and second issues because he failed to raise them in the district court. *See* Aplee.'s Br. at 23-27. With regard to the fourth and fifth issues, we commend the district court for its thorough and well-reasoned analysis of those issues, and we reject Mr. Botello's arguments for substantially the same reasons relied on by the district court in its order and memorandum of decision. *See* Aplt. App., Vol. I at 80-86. Accordingly, we need only address the third issue raised by Mr. Botello.

## III.

As set forth above, in a prior action before the district court, the court reversed a previous decision of the ALJ denying Mr. Botello's application for disability benefits, and the court remanded the case to the Commissioner for further proceedings. As relevant to this appeal, the district court's remand order directed the ALJ to do the following in the remand proceedings:

> Further, the ALJ should also consider Plaintiff's argument that he lives in a remote area of Colorado and that his prescription medications are not conducive to safe driving. The Tenth Circuit has indicated that in determining whether a significant number of [other] jobs exist [at step five of the five-step sequential evaluation process for determining disability], the ALJ should consider "a particular

-4-

claimant's factual situation," including "the distance claimant is capable of traveling to engage in the assigned work."

Aplt. App., Vol. 1 at 30 (quoting *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992)).

On remand, the ALJ issued a second decision in April 2007 denying Mr. Botello's application for disability benefits. With regard to the significant numbers issue, the ALJ found, based on hearing testimony of a VE, that there were three jobs that Mr. Botello could perform that exist in significant numbers in Colorado and in the national economy. Specifically, the ALJ found that Mr. Botello could perform the jobs of: (1) scale attendant, Dictionary of Occupational Titles (DOT) 222.387-074, jobs numbering 18,000 in the national economy and 121 in Colorado; (2) storage facility rental clerk, DOT 295.367-026, jobs numbering 13,250 in the national economy and 256 in Colorado; and (3) surveillance system monitor, DOT 379.367-010, jobs numbering 36,000 in the national economy and 380 in Colorado. The ALJ further found "that the occupations and jobs enumerated by the vocational expert constitute significant numbers. They are not isolated jobs and in fact exist throughout the United States. The region used by the vocational expert was the State of Colorado." Aplt. App., Vol. III at 489.

Mr. Botello appealed the ALJ's second decision to the district court, arguing, among other things, that the ALJ failed to comply with the court's prior

remand order because he "merely went 'through the motions' without actually considering the distance [Mr. Botello] would have to drive." Aplt. App., Vol. 1 at 79. The district court rejected Mr. Botello's argument and affirmed the ALJ's second denial of benefits. Although the court stated that "the ALJ's decision could have been more explicit on the driving distance factor," it nonetheless found that the ALJ's "discussion of the 'significant numbers' requirement provides substantial evidence that the ALJ thought about, took into account, and otherwise adhered to [the remand] direction to 'consider' the distance [Mr. Botello] would have to drive to get to a job." *Id.*

In this appeal, Mr. Botello has reasserted his claim that the ALJ failed to comply with the district court's remand order, arguing as follows:

> The District Court's remand order required that the ALJ consider, pursuant to *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992), the distance Mr. Botello was required to travel to engage in the assigned work, given that he lived in a remote area and that his prescription medications were not conducive to safe driving. Although the ALJ cited the *Trimiar* decision in his recitation of the law on the issue of determining whether significant numbers of jobs exist, he failed in any way to mention the distance Mr. Botello would have had to drive to any of the jobs given that he lived in Fort Morgan, Colorado, at the time of the onset of his disability and prior to his date last insured.
>
> . . . .
>
> According to the ALJ's own finding, Mr. Botello could only sit for about 30 minutes at a time. He presumably could not, therefore, travel any farther than he could drive in 30 minutes in order to get to a job. Fort Morgan is approximately 83 miles from the nearest metropolitan area, Denver. The jobs listed as existing in significant

-6-

numbers were those of scale attendant, furniture rental clerk (actually storage facility rental clerk), and surveillance system monitor. The ALJ made no assessment, nor did he inquire of the vocational expert, as to whether these jobs existed in or within a 30-minute drive of Fort Morgan, Colorado.

. . . .

The ALJ's failure to undergo this assessment is a direct violation of the District Court's remand order. At a minimum, this failure requires a remand to allow for this assessment[.]

Aplt. Opening Br. at 15-17 (record citations omitted).

We agree with Mr. Botello that, contrary to the district court's remand order, the ALJ failed to make any findings in his remand decision regarding the distances that Mr. Botello would have had to travel in 1999 from his home in Fort Morgan, Colorado, to work at the three jobs identified by the VE. Moreover, we are not willing to assume that the ALJ did in fact consider the traveling-distance issue. We conclude, however, that our decision in *Trimiar* does not mandate any findings regarding traveling distances under the circumstances of this case.

In *Trimiar*, we noted that "[t]his Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number[.]'" 966 F.2d at 1330. But we pointed out "that several factors go into the proper evaluation of significant numbers." *Id.* As we explained:

A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's

testimony; the distance claimant is capable of [traveling] to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on.

*Id.* (quoting *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988) (quoting *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988)). As indicated, and as pointed out by the Commissioner, we "borrowed this non-exclusive, multi-factored analysis from the Eighth Circuit, which took it from the Sixth Circuit." Aplee. Br. at 44.

In an unpublished order and judgment that has persuasive value for purposes of this case, we recently rejected a social security claimant's argument that *Trimiar* requires ALJs to engage "in a multi-factor analysis to assess whether there are significant jobs in the regional economy." *Raymond v. Astrue*, 2009 WL 4799960, at *4 n.2 (10th Cir. Dec. 15, 2009) (unpublished). We explained our reasoning as follows:

> Like our other cases, the court in *Trimiar* indicated that the relevant test is *either* jobs in the regional economy *or* jobs in the national economy. [*Trimiar*, 966 F.2d] at 1330-32. In *Trimiar* the focus was on jobs in the regional economy because the vocational expert in that case testified *only* to the number of available jobs in the *regional* economy. Because the number of such jobs was between 650 and 900, and because this circuit has "never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number,'" the court turned to the multi-factor analysis to help it resolve the question whether 650 to 900 jobs is a "significant" number. *See id.* at 1330. *Trimiar* does *not* hold that only regional jobs are relevant or that a court must engage in a factoral analysis when the number of jobs [nationally] available is, as here (1.34 million), much larger.

*Id.*; *see also* 42 U.S.C. § 423(d)(2)(A) (providing that "'work which exists in the national economy' means work which exists in significant numbers *either* in the region where [the claimant] lives *or* in several regions of the country," and that it is irrelevant "whether such work exists in the *immediate area* in which [the claimant] lives") (emphasis added); 20 C.F.R. § 404.1566(a) ("It does not matter whether . . . [w]ork exists in the immediate area in which [the claimant] live[s]."); *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999) ("The Commissioner is not required to show that job opportunities exist within the local area.").

Applying the reasoning of *Raymond* to the circumstances here, it is clear that, despite the district court's remand directions, we can uphold the ALJ's significant numbers ruling based solely on the number of jobs that the VE identified as being available in the national economy. As set forth above, the VE identified a total of 67,250 jobs as being available in the national economy, and Mr. Botello has never argued that the number of jobs available nationally is insignificant. Accordingly, we decline to remand this cased based solely on Mr. Botello's challenge to the number of jobs available in Colorado. *See Wendelin v. Astrue*, 2010 WL 582639, at *2-3 (10th Cir. Feb. 19, 2010) (unpublished) (declining to remand based on claimant's challenge to number

of jobs available in Colorado where claimant did not argue that number of jobs available nationally was not significant).

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge