FILED
United States Court of Appeals
Tenth Circuit

February 4, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

VICTORIA FLAHERTY,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

      Defendant-Appellee.

No. 06-1521
(D.C. No. 05-cv-01053-WDM)
(D. Colo.)

---

**ORDER**

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge and
**TYMKOVICH**, Circuit Judge.

---

The Commissioner has filed a motion to publish the order and judgment
previously issued on October 3, 2007. The motion is GRANTED. The published
opinion is filed nunc pro tunc to that date, and a copy is attached.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

October 3, 2007

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

VICTORIA FLAHERTY,

        Plaintiff-Appellant,

v.

No. 06-1521

MICHAEL J. ASTRUE, Commissioner
of Social Security,

        Defendant-Appellee.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 05-cv-01053-WDM)

_____

Submitted on the briefs:[*]

Frederick W. Newall, Colorado Springs, Colorado, for Plaintiff-Appellant.

Troy A. Eid, United States Attorney, Kurt J. Bohn, Assistant United States
Attorney, Laura Ridgell-Boltz, Special Assistant United States Attorney, Social
Security Administration, Office of the General Counsel, Region VIII, Denver,
Colorado, Deana R. Ertl-Lombardi, Regional Chief Counsel, of Counsel, Yvette
G. Keesee, Deputy Regional Chief Counsel, of Counsel, for Defendant-Appellee.

_____

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge and **TYMKOVICH**, Circuit Judge.

_____

**BRORBY**, Senior Circuit Judge.

_____

Plaintiff Victoria Flaherty appeals the district court's order upholding the Commissioner's denial of her application for social security disability insurance benefits. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

*Background*

Ms. Flaherty alleges disability since March 5, 2002, due to complications from an on-the-job injury in November 2001 in which she was caught in the closing doors of an elevator. She was previously found to be disabled based on an October 1996 application. In 2000, her disability ended. She received a post-secondary education and then worked as a medical assistant and a receptionist. She does not assert that her present claim relates back to her previous disability.

Ms. Flaherty contends that the following conditions have rendered her disabled: migraine, degenerative joint disease, fibromyalgia, pain syndrome, limitations in the use of her upper extremities, sleep disorder or sleep apnea, affective disorder, chronic depression, obesity, diabetes, and peripheral neuropathy. An administrative law judge (ALJ) held a hearing at which Ms. Flaherty, her neighbor, and a vocational expert testified. The ALJ

determined that Ms. Flaherty retained the residual functional capacity (RFC) to perform her past relevant work as a receptionist. Accordingly, he denied benefits at step four of the five-part sequential evaluation process. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing five steps).

The Appeals Council denied Ms. Flaherty's request for review, making the ALJ's decision the final decision of the Commissioner. *Jensen v. Barnhart*, 436 F.3d 1163, 1164 (10th Cir. 2005). The district court affirmed the Commissioner's decision. Ms. Flaherty now appeals to this court, asserting that (1) the ALJ did not properly assess her RFC because he did not find that her migraines were severe, (2) the ALJ failed to consider the combined impact of all of her impairments, (3) the ALJ failed to develop the record to establish the onset date of her disabling migraines, and (4) the ALJ erred in finding that she could return to her past relevant work as a receptionist.

The parties do not dispute that the date Ms. Flaherty was last insured for disability benefits was December 31, 2002. Her last day of work was March 5, 2002. Therefore, she must establish disability between March 5, 2002 and December 31, 2002, the "relevant period." *See Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993) (stating claimant must establish onset of disability prior to date insured status expired).

*Legal Framework*

We review the Commissioner's decision to ascertain whether it is supported by substantial evidence in the record and to evaluate whether he applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* We do not reweigh the evidence or retry the case, but we "examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 1262.

In this context, "disability" requires both an "inability to engage in any substantial gainful activity" and "a physical or mental impairment, which provides reason for the inability." *Barnhart v. Walton*, 535 U.S. 212, 217 (2002) (internal quotation marks omitted). The impairment must be a "'medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .'" *Fischer-Ross*, 431 F.3d at 731 (quoting 42 U.S.C. § 423(d)(1)(A)).

*Migraine Evidence*

We first address Ms. Flaherty's claim that the ALJ erred in finding that her migraines were not severe. She relies on a report dated December 7, 2002, prepared by Dr. Van de Graaff following a consultative evaluation, as well as her own reports to various medical providers that headaches were among her complaints. Dr. Van de Graaff stated that Ms. Flaherty had "limitations in her ability to hold down gainful employment secondary to her recurrent and severe migraines, which are not optimally treated at this time." R. Vol. I, at 273.

The ALJ gave no weight to Dr. Van de Graaff's opinion that Ms. Flaherty's migraines were disabling because he did not have a treating relationship with her, he based his opinion on a single, subjective report given to him by Ms. Flaherty, and his opinion was not supported by the evidence of record. We conclude that the ALJ's reasons for not crediting Dr. Van de Graff's opinion are in accordance with the governing regulation and case law. *See* 20 C.F.R. § 404.1527(d) (listing factors to be considered when "deciding the weight [to be given] to any medical opinion"); *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001) (stating sufficient reasons to disregard physician's opinion included lack of support for findings, opinion was inconsistent with other medical opinions, and treatment relationship with claimant was relatively brief).

The ALJ considered both Ms. Flaherty's reports to medical sources during the relevant period and her testimony at the hearing. R. Vol. I, at 54. He

concluded that her claims of "incapacitating migraines [were] not credible to the extent and severity alleged during the relevant period." *Id.* He noted that none of her treating sources diagnosed her with migraine syndrome and she had not been prescribed medication for migraine. These were appropriate factors for assessing credibility. *See Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (discussing factors to evaluate credibility). Moreover, "the mere presence of a condition is not sufficient to make a step-two [severity] showing." *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003). To the extent Ms. Flaherty claims she could not afford treatment for her migraines, the record indicates that she had health insurance during at least part of the relevant period, R. Vol. I, at 188 (claimant reported that she had insurance as of July 2002), and she did not testify during the hearing that a lack of finances was the reason she did not receive treatment for her migraines. Therefore, we conclude that substantial evidence supports the ALJ's determination that Ms. Flaherty's migraines were not a severe impairment. We note that even though he did not find this to be a severe impairment, the ALJ nevertheless considered her symptoms of headaches in his RFC determination. *Id.* at 54.

*Combination of Impairments*

Ms. Flaherty also argues that the ALJ failed to consider the combined impact of all of her impairments. She further maintains that the ALJ did not

accord enough weight to her fibromyalgia and that he placed undue weight on the opinion of a State agency physician who did not examine her.

At step four, the ALJ must consider whether the claimant's "impairment or combination of impairments prevents [her] from performing [her] past work." *Grogan*, 399 F.3d at 1261 (quotation omitted); *accord* 20 C.F.R. § 404.1545(e). The ALJ stated that he considered all of her symptoms in assessing her RFC. R. Vol. I, at 55. "[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). Furthermore, the ALJ's discussion of the evidence and his reasons for his conclusions demonstrate that he considered all of Ms. Flaherty's impairments.

The non-examining physician's opinion is an acceptable medical source, which the ALJ was entitled to consider. *See* 20 C.F.R. § 404.1513(a)(1). Ms. Flaherty asks us to reweigh the non-examining physician's opinion and the effect of her fibromyalgia. "[O]ur limited scope of review precludes this court from reweighing the evidence or substituting our judgment for that of the [Commissioner]." *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1500 (10th Cir. 1992). Because the record reflects that the ALJ considered Ms. Flaherty's impairments in combination, we will not disturb his determination.

*Duty to Develop Record*

Ms. Flaherty next contends that the ALJ failed to develop the record to establish the onset date of her disabling migraines. In a social security disability case, the claimant bears the burden to prove her disability. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Disability hearings are nonadversarial, however, and the ALJ has a duty "to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Id.* (quotation omitted). "This duty to develop the record pertains even if the claimant is represented by counsel." *Thompson v. Sullivan*, 987 F.2d 1482, 1492 (10th Cir. 1993). "Ordinarily, the claimant must in some fashion raise the issue sought to be developed which, on its face, must be substantial. Specifically, the claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists." *Hawkins*, 113 F.3d at 1167 (citations omitted). If she does so, then the ALJ's duty to order a consultative examination arises. *Id.* "Isolated and unsupported comments by the claimant are insufficient, by themselves, to raise the suspicion of the existence of a nonexertional impairment." *Id.*

Ms. Flaherty argues that the ALJ's duty to develop the record arose from the "conflict or ambiguity in the record" concerning whether she had been diagnosed with migraines or whether she had been treated for them. Aplt. Op. Br. at 12. This is not the standard. The ALJ was not required to develop the record

because Ms. Flaherty failed to adduce evidence of a reasonable possibility that her migraines were a severe impairment.

Ms. Flaherty also claims the ALJ should have considered Dr. Setty's April 2003 records and migraine diagnosis. She points to no opinion, however, relating her April 2003 condition to the relevant period—March 5, 2002 to December 31, 2002. Therefore, this evidence did not create a duty to develop the record. *Cf. Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1348-49 (10th Cir. 1990) (noting that physician may provide retrospective diagnosis of condition, but evidence of actual disability during insured period is required).

### *RFC Determination*

Finally, Ms. Flaherty claims that the ALJ's RFC determination was flawed because it did not take into account Dr. Van de Graaff's manipulative limitations. She claims she could not perform the frequent handling required of the receptionist position. The ALJ rejected Dr. Van de Graaff's limitations on handling and grasping because the limitations were not only contrary to the other evidence in the record, but also contrary to Dr. Van de Graaff's own examination findings. As discussed above, these were legitimate reasons for rejecting Dr. Van de Graaff's opinion. Accordingly, we find no error.

### *Conclusion*

The judgment of the district court is AFFIRMED.