**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK E. BUSSELL,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 11-5115
(D.C. No. 4:10-CV-00509-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

Mark E. Bussell appeals from a judgment of the district court affirming the

Commissioner's denial of his application for child's disability insurance benefits.[1]

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    To be eligible for child's disability insurance benefits, a claimant must
show, among other things, that he "is under a disability . . . which began before
he attained the age of 22." 42 U.S.C. § 402(d)(1)(B).

Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

## I. Background

Mr. Bussell asserted that he was disabled as of June 30, 2003, when he was 17 years old, due to Asperger's Disorder and depression. After his application was denied initially and on reconsideration, Mr. Bussell requested and received a hearing before an administrative law judge (ALJ) on December 15, 2008, when he was 23 years old. He was represented by counsel at the ALJ hearing. Mr. Bussell and a vocational expert (VE) were the two witnesses.

Mr. Bussell testified that he had a high school diploma, which he attained after receiving homebound education due to his inability to attend high school. His daily activities consisted primarily of reading and surfing the Internet. He read books from the library that he requested online and picked up with minimal interaction at the library. He stated that he could cook simple meals and take care of the family pets. He had been treated by Deanna S. Storts, M.D., for many years due to Asperger's Disorder and depression. He was on medication for his conditions and had no side effects from the medication. When asked if he had discussed in therapy his future and job prospects, he responded that he had not thought about them or discussed them with his physician.

The VE responded to hypothetical questions posed by the ALJ. She testified that a person who was limited by the inability to have any contact with

the public could perform the jobs of janitor and hand packager, both of which existed in significant numbers in the regional and national economies.

In ruling on Mr. Bussell's application, the ALJ applied the five-step sequential-evaluation process for determining whether a claimant is disabled. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). He determined at step one that Mr. Bussell had never engaged in substantial gainful activity. At step two he found that Mr. Bussell had the severe impairments of Asperger's Disorder and depression, but neither of those impairments met or equaled Listing 12.04 or 12.10 to satisfy step three. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.10. The ALJ then found at step four that Mr. Bussell had never held a job so he had no past relevant work. The ALJ determined at step five that he could perform other work that was available in significant numbers in the national economy. Consequently, the ALJ concluded that Mr. Bussell was not disabled within the meaning of the Social Security Act, 42 U.S.C. § 423(d)(1)(A). The Appeals Council denied review, and the district court affirmed. On appeal to this court, Mr. Bussell asserts that the ALJ improperly failed to give controlling weight to the opinion of his treating physician and failed to evaluate properly that opinion.

## II.  Analysis

### A.  Standards of Review

We review the Commissioner's decision to ascertain whether it is supported by substantial evidence in the record and to evaluate whether he applied the correct legal standards.  *See Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).  "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal quotation marks omitted).  To determine whether substantial evidence supports the Commissioner's decision, we examine the record as a whole, but we do not reweigh the evidence.  *Id.*

In this context, "disability" requires both "an inability to engage in any substantial gainful activity" and "a physical or mental impairment, which provides reason for the inability."  *Barnhart v. Walton*, 535 U.S. 212, 217 (2002) (internal quotation marks omitted).  The impairment must be a "'medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .'"  *Fischer-Ross*, 431 F.3d at 731 (quoting 42 U.S.C. § 423(d)(1)(A)).

### B.  Treating Physician's Opinion

Mr. Bussell contends that the ALJ improperly failed to give controlling weight to the opinion of his treating physician, Dr. Storts.  He also asserts that the

ALJ failed to explain what weight he gave to her opinion. He relies on Dr. Storts's

Mental Medical Source Statement dated November 26, 2008, a form on which

Dr. Storts checked boxes indicating that Mr. Bussell was markedly limited in his

ability to complete a normal workday and workweek, to maintain socially

appropriate behavior, and to travel to unfamiliar places or use public transportation.

Aplt. App. Vol. II at 259-62. Dr. Storts indicated that Mr. Bussell was severely

limited in his ability to interact appropriately with the general public, to accept

instructions and criticism from supervisors, to get along with coworkers and peers,

to respond appropriately to changes in the work setting, and to set realistic goals or

make plans independently. *Id.* The VE testified that a person with those limitations

would not be able to do any regular competitive work.

The ALJ determined that Dr. Storts's opinion was entitled to little weight

because she relied heavily on Mr. Bussell's subjective reports of his limitations and

symptoms and conducted no psychological tests or interviews. In addition, the ALJ

found that Dr. Storts's opinion contrasted with her own notes of Mr. Bussell's

mental health treatment, and was contradicted by the findings of the consultative

mental evaluations and opinions of other professionals.

The ALJ gave great weight to the opinions of Drs. Vaught, Kampschaefer,

and Shadid, who were medical consultants of the State Disability Determination

Services (DDS). *See* 20 C.F.R. § 404.1527(f)(2)(i) (stating that DDS experts are

"highly qualified physicians, psychologists, and other medical specialists who are

also experts in Social Security disability evaluation"). Dr. Vaught examined Mr. Bussell on February 27, 2007. He confirmed the diagnoses of Asperger's Disorder and depression. Dr. Vaught found that in the areas of concentration, persistence, and pace, Mr. Bussell's pace was within normal limits; his memory and basic judgment appeared intact; and he was fairly independent in his activities of daily living. Dr. Vaught opined that he had "some difficulty entering public." Aplt. App. Vol. II at 227.

Drs. Kampschaefer and Shadid reviewed Mr. Bussell's records and opined that he had moderate limitations in his ability to understand, remember, and carry out detailed instructions, but he would be able to perform simple tasks with routine supervision, to relate to supervisors and peers on a superficial work basis, and to adapt to a work situation. He would not be able to relate to the general public.

When evaluating a treating physician's medical opinion, the ALJ must conduct a two-part inquiry: (1) whether the opinion is to be accorded controlling weight, and (2) even if it is not entitled to controlling weight, the opinion is still entitled to deference and "the ALJ must make clear how much weight the opinion is being given (including whether it is being rejected outright)." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). At the second step, the ALJ must "give good reasons, tied to the factors specified in the cited regulations for this particular purpose, for the weight assigned." *Id.*; *see also Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (stating factors for evaluating treating physician's opinion).

-6-

The ALJ completed the required two-step process for evaluating a treating physician's opinion. First, he determined that the opinion was not entitled to controlling weight because it was not supported by objective medical evidence and was inconsistent with the other medical evidence in the record. *Cf. Krauser*, 638 F.3d at 1330 (stating the treating physician's medical opinion is entitled to controlling weight "if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record"). Second, he made clear how much weight the opinion was being given, *see id.*, by stating it was entitled to little weight because, in addition to the lack of supporting objective evidence, it appeared to be based largely on Mr. Bussell's subjective reports.

Mr. Bussell also complains that the ALJ did not address each of the factors set forth in 20 C.F.R. § 404.1527(d)(2) for evaluating a treating physician's opinion. The ALJ is not required to discuss each factor, as long as "the ALJ's decision [is] sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (internal quotation marks omitted). The ALJ provided sufficient reasons for the weight he gave Dr. Storts's opinion.

Accordingly, we cannot say that the ALJ's treatment of Dr. Storts's opinion was error. To the extent Mr. Bussell argues that the ALJ substituted his opinion for

-7-

the uncontroverted medical opinions, as is evident from this discussion, the medical opinions were not uncontroverted.

The judgment of the district court is AFFIRMED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge