FILED
United States Court of Appeals
Tenth Circuit

August 26, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

AMBROSIO VILLALOBOS,

Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,[*]

Defendant-Appellee.

No. 13-2005
(D.C. No. 2:11-CV-00854-LAM)
(D. N.M.)

ORDER AND JUDGMENT[1]

Before **HOLMES**, **HOLLOWAY**, and **BACHARACH**, Circuit Judges.

Mr. Ambrosio Villalobos claims a disability and seeks insurance benefits and

supplemental security income. The Commissioner of the Social Security

Administration denied Mr. Villalobos's applications; and Mr. Villalobos appeals,

arguing that the agency failed to develop the record, to recontact a treating physician,

and to incorporate urinary or mental limitations into the assessment of residual

functional capacity. We hold that the administrative law judge adequately developed

---

[*]     The Court has substituted Carolyn W. Colvin as the defendant-appellee.
*See* Fed. R. App. P. 43(c)(2).

[1]     This order and judgment does not constitute precedent. *See* 10th Cir. R.
32.1(A).

the record, had no duty to recontact the physician, and adequately assessed

Mr. Villalobos's residual functional capacity. But we also hold that the

administrative law judge erred by failing to make findings on the demands of

Mr. Villalobos's past relevant work. Thus, we reverse and remand for further

findings.

**Failure to Develop the Record**

Mr. Villalobos contends that the agency failed to adequately develop the

record regarding evidence of incontinence and mental impairments. These

contentions are rejected.

## I.      Duty to Develop the Record

In disability proceedings, the Social Security Administration bears a duty to

develop the record. *Wall v. Astrue*, 561 F.3d 1048, 1062-63 (10th Cir. 2009). But to

trigger this duty, the claimant must raise the issue to be developed and that issue

must be substantial on its face. *Id.* at 1063. As a result, the claimant must ensure

that the record contains evidence suggesting a reasonable possibility of a severe

impairment. *Id.* In deciding whether the record is sufficient, we must consider

whether objective evidence suggests a condition which could materially affect the

disability decision and require further investigation. *Hawkins v. Chater*, 113 F.3d

1162, 1167 (10th Cir. 1997).

**II.     Incontinence**

Mr. Villalobos argues that:  (1) the administrative law judge failed to develop the record, and (2) the Appeals Council should have remanded to the administrative law judge for further development of the record.  We reject both arguments.

A.     <u>Duty of the Administrative Law Judge</u>

As a matter of law, the administrative law judge adequately developed the record on Mr. Villalobos's complaints of incontinence.

Mr. Villalobos testified that he remained incontinent and required an adult diaper, even after undergoing bladder contracture surgery.  The administrative law judge confirmed that the treatment was ongoing, but she did not have a record for the surgery.  The judge said she would obtain this record, and she did.

The judge also obtained testimony from Mr. Villalobos concerning his daily activities.  That testimony did not mention any day-to-day problems relating to incontinence.

Nonetheless, Mr. Villalobos asserts a duty for further inquiry because he testified that he was "going in diapers all the time" and needed an additional bladder surgery to resolve his incontinence.  Aplt. App. Vol. 1, at 98.  We do not believe further development was necessary for three reasons:  (1) The record reflects consideration of the bladder contractive surgery; (2) the record does not contain evidence of functional limitations from incontinence; and (3) the vocational expert

testified that Mr. Villalobos's need for adult diapers would not prevent performance of the past jobs.

First, the judge considered the bladder contracture surgery, but found that it resulted in only minimal limitations on Mr. Villalobos's ability to engage in basic work-related activities.

Second, Mr. Villalobos testified that he had to wear adult diapers, but he did not say that his incontinence had hindered employment. *See Wall v. Astrue*, 561 F.3d 1048, 1063 (10th Cir. 2009) (no duty to develop the record when the claimant did not argue that the alleged impairment had contributed to a disability). And there is no objective evidence of functional limitations resulting from Mr. Villalobos's incontinence.

Third, the vocational expert testified that Mr. Villalobos would have no difficulty performing his past relevant work even though he had to wear adult diapers.

Viewing these three factors in combination, we hold that the administrative law judge adequately developed the record on incontinence.

B.    Duty of the Appeals Council

Mr. Villalobos also contends that the Appeals Council should have remanded the case for further development of the record. This contention is based on a letter by Dr. Lugo, a treating physician, who said that Mr. Villalobos had severe urinary incontinence in August 2010 notwithstanding corrective surgery over a year earlier.

Aplt. App. Vol. 2, at 601. But Dr. Lugo did not state that his diagnosis was retroactive. In the absence of a retroactive diagnosis, the Appeals Council had no duty to remand for further development of the record. *See Flaherty v. Astrue*, 515 F.3d 1067, 1072 (10th Cir. 2007) (a diagnosis, made four months after the end of the relevant period, did not trigger a duty to develop the record).

## III. Mental Impairments

Mr. Villalobos also contends that the Social Security Administration failed to develop the record regarding his fatigue, anxiety, mania, memory problems, and sleeping problems. No error took place.

### A. Duty of the Administrative Law Judge

The administrative law judge did not violate the duty to develop the record on mental impairments because: (1) she could reasonably assume that mental impairments would not bear on the disability claim, and (2) the isolated record references to anxiety or depression would not have triggered a duty to further develop the record on these problems.

First, Mr. Villalobos did not claim an inability to work because of mental impairments. In his disability application, Mr. Villalobos was asked to identify the conditions that limited his ability to work. Aplt. App. Vol. 1, at 233. He answered that he had a seizure disorder, with no mention of mental limitations. *Id.* Then, at the hearing, the administrative law judge asked Mr. Villalobos whether anything else would prevent him from working. *Id.* at 104. Mr. Villalobos did not mention mental

limitations. *Id.* Under these circumstances, the administrative law judge "could reasonably assume" that the alleged mental impairments did not bear on the disability claim. *Wall v. Astrue*, 561 F.3d 1048, 1063 (10th Cir. 2009) (citation omitted).

Second, the record contains only brief references to mental symptoms. These isolated references do not suggest a reasonable possibility of impairment and are insufficient to trigger the agency's duty to further develop the record. *See*, *e.g.*, *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011) (no duty to develop the record when there was no diagnosis or treatment and only isolated, passing references to depression).

B.    Duty of the Appeals Council

Mr. Villalobos also argues that the Appeals Council failed to remand for additional development of the record based on newly-submitted evidence. This evidence consists of a letter by Dr. Lugo, who stated on August 20, 2010, that Mr. Villalobos "*now* has Depression with Anxiety and is followed by a mental health provider." Aplt. App. Vol. 2, at 601 (emphasis added).

This letter does not trigger a duty for the agency to solicit further evidence. Dr. Lugo's letter supplied the only evidence of treatment for depression, and the letter postdated the administrative law judge's decision by over a month. And in the letter, Dr. Lugo did not retroactively diagnose a condition predating the administrative law judge's decision. Under these circumstances, the letter did not create a need to further develop the record. *See Flaherty v. Astrue*, 515 F.3d 1067,

1072 (10th Cir. 2007) (a diagnosis, made four months after the end of the relevant period, did not trigger a duty to develop the record).

### Failure to Recontact a Treating Physician

Mr. Villalobos also claims the agency should have developed the record further by recontacting his treating physician, Dr. Lugo, to: (1) determine whether the July 2009 bladder surgery was successful, or (2) request medical records. *See* Aplt. Opening Br. at 14. According to Mr. Villalobos, the Appeals Council also erred by failing to remand for further development based on newly-submitted evidence. Because these arguments were not presented in the district court, they are waived. *See* Aplt. App. Vol. 1, at 13-27, 42-47; *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).

### Assessment of Residual Functional Capacity

According to Mr. Villalobos, the agency should have considered his incontinence and mental impairments when assessing residual functional capacity. We consider this argument based on the evidence presented to both the administrative law judge and the Appeals Council. Based on this evidence, we reject Mr. Villalobos's argument.

The administrative law judge had no evidence of functional limitations from the alleged incontinence or mental impairments. As a result, the administrative law judge did not err by assessing the residual functional capacity without incorporating limitations from incontinence. *See Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir.

- 7 -

1988) (upholding a finding that incontinence did not render the claimant disabled notwithstanding evidence of bladder leakage and possible need for a second operation); *see also* SSR 96-8P, 1996 WL 374184, at *1 (1996) ("The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment . . . including the impact of any related symptoms.").

Unlike the administrative law judge, the Appeals Council had the benefit of a letter by Dr. Lugo, stating in August 2010 that Mr. Villalobos then had depression and anxiety. *See* Aplt. App. Vol. 2, at 601. But this assessment was not retroactive. *See id.* As a result, the Appeals Council did not err in declining to reassess Mr. Villalobos's mental capacity in light of Dr. Lugo's letter. *See Krauser v. Astrue*, 638 F.3d 1324, 1329 (10th Cir. 2011) (holding that the Appeals Council did not err by failing to find a medically determinable impairment based on a physician's diagnosis of major depression 2½ months after the administrative law judge had issued a decision).

### Findings on the Demands of the Past Relevant Work

Mr. Villalobos contends that the administrative law judge failed to make required findings about the physical and mental demands of his past relevant work. We agree.

The administrative law judge bears an obligation to determine the physical and mental demands of past relevant work. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).

Though the judge obtained evidence about the job demands, she did not make findings on the subject. Instead, the judge: (1) noted the vocational expert's testimony that Mr. Villalobos could perform his past jobs, and (2) stated that he could perform his past jobs as they had generally been performed. Aplt. App. Vol. 1, at 89. These remarks suggest a finding on the ultimate issue of Mr. Villalobos's ability to perform his past relevant work. But the administrative law judge also had to make findings on a narrower subject: the physical and mental demands of the past jobs. The judge failed to make these findings, and the omission constitutes error. As a result, we reverse and remand with instructions to make findings on the demands of the past relevant work and to reassess Mr. Villalobos's ability to perform his past relevant work.

## Conclusion

The agency's decision is reversed. With the reversal, we remand for further findings on the demands of the past relevant work. The additional findings, in turn, may require reassessment of Mr. Villalobos's ability to return to his past relevant work.

Entered for the Court

Robert E. Bacharach
Circuit Judge

- 9 -