**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GARY ALLEN KEMPER,

      Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant - Appellee.

No. 14-1293
(D.C. No. 1:13-CV-00889-RBJ)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MORITZ**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

Gary Allen Kemper, proceeding pro se, appeals from a district court order

affirming the Commissioner's decision to deny his application for supplemental

security income. Exercising jurisdiction under 28 U.S.C. § 1291 and

42 U.S.C. § 405(g), we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

Mr. Kemper alleges disability beginning January 10, 1994, due to back and neck problems.  Following two remands for further administrative proceedings, an administrative law judge (ALJ) held a hearing on January 23, 2013, at which Mr. Kemper and a vocational expert testified.  The ALJ found that Mr. Kemper suffered from the severe impairment of degenerative disc disease of the cervical, thoracic, and lumbar spine.  The ALJ then determined that Mr. Kemper could not do his past work as an iron worker, but he retained the residual functional capacity to perform a limited range of light work that exists in significant numbers in the national economy.  Accordingly, the ALJ determined at step five of the controlling five-step sequential analysis, *see Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step analysis), that Mr. Kemper was not disabled under the Social Security Act.  The Appeals Council denied review and the district court affirmed.

## II.  Legal Standards

We review the agency's decision to ascertain whether it is supported by substantial evidence in the record and to evaluate whether the correct legal standards were applied.  *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012).  "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal quotation marks omitted).  To

determine whether substantial evidence supports the agency's decision, we examine the record as a whole, but we do not reweigh the evidence. *Id.* We also do not "substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted). In this context, "disability" requires both "an inability to engage in any substantial gainful activity" and "a physical or mental impairment, which provides reason for the inability." *Barnhart v. Walton*, 535 U.S. 212, 217 (2002) (internal quotation marks omitted).

**III.    Discussion**

Mr. Kemper challenges the ALJ's finding that his claims concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. He also argues that the ALJ improperly weighed the medical evidence. And he disagrees with Dr. Kamer's opinion on his abilities and limitations, which we construe as arguing that the ALJ accorded too much weight to Dr. Kamer's opinion.

It is well-established that "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (internal quotation marks omitted). An ALJ must consider all the medical opinions in the record and discuss the weight each opinion is assigned. *Mays v. Colvin*, 739 F.3d 569, 578 (10th Cir. 2014).

We have thoroughly reviewed the parties' briefs, the record, and the applicable law. We, like the district court, conclude that the ALJ properly evaluated

Mr. Kemper's credibility and weighed the medical evidence.[1]  We determine that substantial evidence supports the ALJ's decision and that the correct legal standards were applied.  Accordingly, finding no reversible error, we affirm the denial of supplemental security benefits for substantially the same reasons as those stated by the learned district court in its order dated July 18, 2014.

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[1]     Mr. Kemper asserts error in the district court's statement that Dr. Kamer reviewed the medical records, even though Dr. Kamer's report says no medical records were submitted.  The court's statement does not demonstrate reversible error. The ALJ's decision giving significant weight to Dr. Kamer's opinion was not based on Dr. Kamer's review of medical records.  We have "independently determine[d] [that] the ALJ's decision is free from legal error and supported by substantial evidence." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).