FILED
United States Court of Appeals
Tenth Circuit

June 2, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

LAZARITA CHAVEZ,

      Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

      Defendant - Appellee.

No. 15-2201
(D.C. No. 1:14-CV-00452-SCY)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.
_____

Lazarita Chavez applied for social security disability benefits and supplemental security income payments, claiming that physical and mental impairments prevented her from working. An administrative law judge (ALJ) disagreed, finding that Ms. Chavez retained the residual functional capacity (RFC) to perform many jobs in the national economy. Later, the Appeals Council denied review, and a district court affirmed the ALJ's decision.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On appeal, Ms. Chavez raises two claims of error with respect to the ALJ's RFC determination. First, she contends the ALJ failed to give adequate reasons for not including certain functional limitations found by an examining psychologist, Dr. Owen. Second, she argues the ALJ erred by failing to explain why the RFC didn't include all of the moderate limitations listed in the opinion of a non-examining psychologist, Dr. Lev.

The problem with Ms. Chavez's first argument is that the ALJ did provide reasons and analysis for discounting Dr. Owen's opinion. *See* Aplt. App. at 22 ("[I]t is inconsistent with the overall record and was a one-time contact with the claimant, appearing to be primarily based upon her subjective complaints."). The ALJ pointed to evidence in the record indicating that Ms. Chavez was not as limited as Dr. Owen opined. For example, the ALJ discussed Ms. Chavez's treatment records indicating she had "only mild symptoms" and was "generally functioning pretty well" and noted the absence of any evidence from Ms. Chavez's treating physicians that she was unable to perform work consistent with her RFC. *Id.* at 21, 23. The ALJ also discounted Ms. Chavez's subjective complaints, finding that she was not entirely credible (a finding that Ms. Chavez does not dispute). *Id.* at 21. Ms. Chavez simply has given us no persuasive reason to conclude that the ALJ gave insufficient or illegitimate reasons for discounting Dr. Owen's opinion. *See* 20 C.F.R. § 404.1527(c) (outlining the factors used in weighing medical opinions); *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) ("An opinion found to be an examining rather than treating [one] may be dismissed or discounted . . . based on an evaluation

2

of all of the factors set out in the cited regulations . . . ."); *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (finding the ALJ reasonably discounted a non-treating physician's opinion which was based on a single, subjective report by the claimant).

Turning to her second argument, Ms. Chavez contends that the ALJ didn't explain why the RFC failed to capture two moderate limitations from Dr. Lev's opinion. Specifically, she points to limits on her ability to sustain an ordinary routine without special supervision and to accept instructions and respond appropriately to criticism from supervisors. The problem Ms. Chavez faces is the ALJ did incorporate Dr. Lev's limitations in the RFC, just as the district court found. While the ALJ didn't parrot Dr. Lev's exact descriptions of Ms. Chavez's limitations, the ALJ did specifically note his overall assessment that Ms. Chavez "retain[ed] the capacity to do simple tasks." Aplt. App. at 440. And we find it hard to fault the ALJ for finding, consistent with Dr. Lev's opinion, that Ms. Chavez should be "limited to simple work-related decisions with few workplace changes," "no interaction with the public, and only occasional and superficial contact with co-workers." *Id.* at 20; *see Smith v. Colvin, __ F.3d __, 2016 WL 2620519, at *3-4 & n.2 (10th Cir. May 9, 2016)*.

Affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

3