**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**February 15, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

JEFF TURNER,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 21-4060
(D.C. No. 2:19-CV-00720-CMR)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

Jeff Turner appeals from an order of the district court affirming the Social Security Commissioner's denial of his application for disability insurance benefits under the Social Security Act. Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm. Mr. Turner has not shown that the denial was based on an incorrect legal standard or was not supported by substantial evidence.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

Mr. Turner was born in 1959. He earned an associate degree in data processing and, before applying for benefits, he worked various jobs including tool programmer, greens keeper, and medical-record clerk.

In 2016 he filed for disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging disability since October 2013 from loss of coordination in his left hand from a stroke in 1991, chronic obstructive pulmonary disease, and acid reflux. The Commissioner denied Mr. Turner's claim at the initial and reconsideration stages of review, so Mr. Turner requested a hearing before an administrative law judge (ALJ).

After a hearing at which Mr. Turner and a vocational expert testified, the ALJ issued a written decision that followed the five-step sequential evaluation process the Social Security Administration uses to review disability claims.[1]  Based on the

---

[1] We have described the five-step process as follows:

> Social Security Regulations mandate that the ALJ who determines a claim for benefits under the Social Security Act follow a five-step evaluation:  (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.  If at any point in the process the [Commissioner] finds that a person is disabled or not disabled, the review ends.

testimony and Mr. Turner's medical records, the ALJ concluded that Mr. Turner had "the residual functional capacity [RFC] to perform light work as defined in 20 C.F.R. § 404.1567(b)" with certain restrictions, including limitations on his standing, walking, postural activities, and fine manipulation. Aplt. App. vol. II at 62. The ALJ found that Mr. Turner could "perform goal-oriented, but not fast-paced work such as production line work (due to the left hand, not due to any mental impairment)." *Id.* He further found that this RFC assessment was "not contradicted by any opinion from a treating or examining physician." *Id.* at 64. In light of this RFC determination and the testimony of the vocational expert, he found at step four that Mr. Turner was capable of performing past relevant work as a medical records clerk. Accordingly, the ALJ found that he was not disabled within the meaning of the Act.

After the Social Security Appeals Council denied Mr. Turner's request for review and affirmed the denial of benefits, he filed an action under 42 U.S.C. § 405(g), seeking review of the ALJ's decision in the United States District Court for the District of Utah. He argued that the RFC determination did not sufficiently account for his fatigue. Among other things, he argued that the ALJ did not consider a portion of the treatment notes of Dr. Mustufa Saifee, a pulmonologist who examined him once in January 2018 and oversaw pulmonary-function testing

---

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citation, footnote, and internal quotation marks omitted).

several weeks later.  Dr. Saifee's notes of the January 2018 examination indicate that Mr. Turner "presented with dyspnea."  Aplt. App. vol. IV at 645.  Mr. Turner described his symptom as breathlessness and said that it started many years ago and was ongoing.  Dr. Saifee stated that "[t]he severity is NYHA class III."  *Id.*  His notes do not explain what "NYHA class III" means, but Mr. Turner, citing material he found on the internet, argued that the term refers to a New York Heart Association classification for heart failure, indicating "[m]arked limitation in activity due to symptoms, even during less-than-ordinary activity, e.g. walking short distances (20—100 m).  Comfortable only at rest."  *Id.* vol. I at 25, 88, 100.

The district court rejected the fatigue argument, pointing to other observations Dr. Saifee made in the same visit, such as his examination findings that Mr. Turner had a 96% oxygen level on room air, good respiratory effort, and clear breath sounds in both lungs.  The court concluded that the "unexplained, unsupported reference to NYHA class III is not uncontroverted evidence that the ALJ chose not to rely on, nor was it significantly probative evidence that the ALJ could not reject without discussion."  *Id.* at 101 (internal quotation marks omitted).  Concluding that substantial evidence as a whole supported the ALJ's decision, the district court affirmed the decision of the Social Security Commissioner.

## II.     DISCUSSION

We review the district court's decision de novo, applying the same standards that govern the district court.  *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).  We therefore review the ALJ's decision to determine whether he applied the

4

correct legal standard and whether substantial evidence supports his factual findings. *See id.* "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "We do not reweigh the evidence or retry the case, but we meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal quotation marks omitted). "A finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (internal quotation marks omitted).

### 1.  Consideration of Dr. Saifee's Notes

Mr. Turner first argues that the ALJ's RFC finding did not sufficiently account for the reference to "NHTA class III" in Dr. Saifee's treatment notes, and that the ALJ owed this portion of Dr. Saifee's notes deference as the opinion of a treating physician. We disagree.

"[T]he regulations require that the ALJ give good reasons in the notice of determination or opinion for the weight that is given the treating physician's opinion." *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003) (internal quotation marks omitted). Contrary to Mr. Turner's suggestion, however, Dr. Saifee was not a treating physician under the social security regulations. *See* 20 C.F.R. § 404.1527(a)(2) ("Treating source means your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has,

5

or has had, an ongoing treatment relationship with you."); *see also Doyal*, 331 F.3d at

763 ("A physician's opinion is . . . not entitled to controlling weight on the basis of a

fleeting relationship, or merely because the claimant designates the physician as her

treating source.").  The record before the ALJ shows that Dr. Saifee examined Mr.

Turner only once and then oversaw his pulmonary function testing several weeks

later.  There is no indication in the record that Dr. Saifee had "seen [Mr. Turner] a

number of times and long enough to have obtained a longitudinal picture of [his]

impairment, taking into consideration the treatment the source has provided and the

kinds and extent of examinations and testing the source has performed or ordered

from specialists and independent laboratories."  *Doyal*, 331 F.3d at 763 (internal

quotation marks omitted).  The ALJ was thus not required to discuss Dr. Saifee's

records in any more detail than he did.

Nor was the ALJ obligated to treat a single line referring to "NHTA class III"

in Dr. Saifee's notes as an "opinion" under the Social Security regulations.

*See* 20 C.F.R. § 404.1527(a)(1) ("[M]edical opinions are statements . . . that reflect

judgments about the nature and severity of your impairment(s), including your

symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and

your physical or mental restrictions.").

Finally, the ALJ *did* consider the records from Dr. Saifee, in their totality,

along with other medical evidence.  The ALJ's written decision cites to the very page

of Dr. Saifee's notes that includes the reference to "NHTA class III." The ALJ

simply did not draw the same conclusions from the notes that Mr. Turner urges. Mr.

6

Turner's challenges to the conclusions the ALJ drew from the record evidence ask us to reweigh the evidence, which we may not do on substantial-evidence review, *see Flaherty*, 515 F.3d at 1070, and his disagreement with the outcome of the ALJ's weighing of the evidence is not a basis for reversal of the ALJ's determination.

## 2. Reliance on Vocational Expert's Testimony

Mr. Turner also argues that the testimony of the vocational expert regarding past work "was too messy and inconsistent to rely on," Aplt. Opening Br. at 6, so it does not support the ALJ's finding that he could perform his past relevant work. We disagree because substantial evidence supported the ALJ's decision at step four.

"A claimant capable of performing past relevant work is not disabled within the meaning of the Social Security Act. The claimant bears the burden of proving his or her inability to perform past relevant work." *Andrade v. Sec'y of Health & Hum. Servs.*, 985 F.2d 1045, 1050 (10th Cir. 1993) (citation omitted). The vocational expert testified that an individual with Mr. Turner's RFC would be capable of performing the jobs of, among others, medical-record clerk or outside deliverer, at least as those jobs are generally performed in the national economy. Relying on that testimony, Mr. Turner's testimony about his work history, and information from the Dictionary of Occupational Titles, the ALJ concluded that Mr. Turner was not disabled. Mr. Turner's disagreement with this analysis shows, at most, that it might be possible to draw different conclusions from the evidence than the ALJ did, but he falls well short of demonstrating "a conspicuous absence of credible choices," *Trimiar*, 966 F.2d at 1329, so we cannot disturb the ALJ's decision on that basis.

7

### III.    CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge