FILED
United States Court of Appeals
Tenth Circuit

September 25, 2025

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JOSE BLANCO,

     Plaintiff - Appellant,

v.

FRANK J. BISIGNANO, Commissioner of
Social Security,[*]

     Defendant - Appellee.

No. 24-1454
(D.C. No. 1:22-CV-02640-SBP)
(D. Colo.)

_____

## ORDER AND JUDGMENT[**]
_____

Before **HOLMES**, Chief Judge, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

Jose Blanco appeals from the district court's order affirming the Social

Security Commissioner's denial of his application for disability insurance benefits

under the Social Security Act (SSA).  Exercising jurisdiction under 28 U.S.C. § 1291

and 42 U.S.C. § 405(g), we affirm.

---

[*] Frank Bisignano became the Commissioner of Social Security on
May 7, 2025.  We substitute him as the defendant in this action pursuant to
Fed. R. App. P. 43(c)(2).

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## BACKGROUND

Mr. Blanco applied for Disability Insurance Benefits and Supplemental Security Income alleging disability beginning on May 1, 2019. The Commissioner denied his claims initially and on reconsideration, so he requested a hearing before an Administrative Law Judge (ALJ).

The ALJ issued a written decision following the five-step sequential evaluation process the Social Security Administration uses to evaluate disability claims.[1] The medical evidence the ALJ reviewed included the opinion of Mr. Blanco's treating physician, Dr. Sean Filipovitz; his occupational therapist, Mr. Bruce Myers; a consultative psychologist, Dr. Russell Thye; and state agency medical consultants Dr. James McElhinney and Dr. Maria Rehrig.

Between steps three and four, the ALJ found Mr. Blanco had

> the residual functional capacity [(RFC)] to perform sedentary work . . . except [he] can occasionally climb ramps and stairs with the use of a handrail. [He] cannot climb ladders, ropes, or scaffolds. [He] can

---

[1] We have described the five-step process as follows:

> Social Security Regulations mandate that the ALJ who determines a claim for benefits under the Social Security Act follow a five-step evaluation: (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work. If at any point in the process the [Commissioner] finds that a person is disabled or not disabled, the review ends.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citation, footnote, and internal quotation marks omitted).

occasionally stoop, kneel, crouch, and crawl. [He] can avoid overhead reaching bilaterally. [He] can frequently handle, finger, and feel. [He] must avoid all exposure to unprotected heights and dangerous moving machinery. [He] can understand, remember, and carry out simple instructions that can be learned in thirty days or less and can sustain concentration, persistence, and pace to simple instructions for two-hour intervals with normal breaks. [He] can have occasional noncollaborative interactions with coworkers, and supervisors, and can work in close proximity to, but not directly with the general public. [He] can adapt to simple workplace changes.

Aplt. App. vol. 1 at 17. Based on this RFC determination, the ALJ found at step four that Mr. Blanco could no longer perform his past relevant work. But at step five the ALJ concluded "there are jobs that exist in significant numbers in the national economy that [Mr. Blanco] can perform," *id.* at 22, so he was "not disabled" and therefore not entitled to benefits under the SSA, *see id.* at 23.

The ALJ thereafter issued an unfavorable decision, and the Social Security Appeals Council denied review. Mr. Blanco sought review from the district court under 42 U.S.C. § 405(g). The district court affirmed the final decision of the Commissioner. This appeal followed.

## DISCUSSION

In an appeal of a social security benefits determination, "we engage in de novo review of the district court's ruling." *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016). "In conducting de novo review, we must determine whether the administrative law judge correctly applied legal standards and made findings supported by substantial evidence." *Id.* "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "Substantial

3

evidence . . . means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). "We do not reweigh the evidence or retry the case, but we meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal quotation marks omitted).

Mr. Blanco argues substantial evidence does not support the ALJ's findings "regarding the weight to be afforded [to] the opinion evidence." Aplt. Opening Br. at 19 (boldface omitted). Relatedly, he argues the ALJ did not adequately consider the supportability and consistency (two of the five factors an ALJ uses to evaluate medical opinions, *see* 20 C.F.R. § 404.1520c(c)) of the opinions of Dr. Filipovitz and Mr. Meyers when she found those opinions not persuasive and "not fully persua[sive]," respectively. *See* Aplt. App. vol. 1 at 20–21. He likewise argues the ALJ erred in finding the opinion of Dr. Thye "not fully persuasive," *see id.* at 20.

But, reviewing the record before the ALJ reveals there existed substantial evidence to support her findings. That evidence included Mr. Meyer's acknowledgement that he performed his evaluation while Mr. Blanco was still recovering from right shoulder surgery and that, even then, he did not have any significant handling or fingering limitations. It also includes Mr. Blanco's own hearing testimony that he could sit for longer periods than Dr. Filipovitz found and multiple findings in the medical records that Mr. Blanco had normal strength.

4

Supporting evidence also includes the findings of Dr. McElhinney and Dr. Rehrig regarding Mr. Blanco's physical limitations, which the ALJ found "somewhat persuasive," except to the extent they "underestimate[d] [his] exertional limitations." *Id.* at 20. This evidence relates to the "supportability," and "consistency" of the opinions of Dr. Filipovitz, Mr. Myers, and Dr. Thye. *See* 20 C.F.R. § 404.1520c(c)(1) (defining "supportability" by reference to "the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[]"); *see also id.* § 404.1520c(c)(2) (defining "consistency" in terms of how "consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim").

Mr. Blanco downplays the significance of this evidence in light of the record as a whole, but in so doing he invites us to reweigh it, which we cannot do. *Flaherty*, 515 F.3d at 1070. The record before the ALJ included substantial evidence—that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Biestek*, 587 U.S. at 103—supporting her findings regarding Mr. Blanco's degree of impairment.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Jerome A. Holmes
Chief Judge

5