FILED
United States Court of Appeals
Tenth Circuit

April 24, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID GARRISON,

Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

Defendant-Appellee.

No. 13-8057
(D.C. No. 2:12-CV-00164-CAB)
(D. Wyo.)

**ORDER AND JUDGMENT[*]**

Before **PHILLIPS**, **McKAY**, and **ANDERSON**, Circuit Judge.

David Garrison appeals from a district court order affirming the

Commissioner's decision to deny his applications for disability insurance benefits

and supplemental security income. Exercising jurisdiction under 28 U.S.C. § 1291

and 42 U.S.C. § 405(g), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

Mr. Garrison alleges disability beginning August 17, 2003, due to chronic depression, adjustment disorder, PTSD, heat intolerance, chronic arthritis, rotator cuff tears in both shoulders, and depression intermixed with a history of marijuana dependence.  Following administrative hearings held in August 2008 and September 2009, an ALJ issued an unfavorable decision.  The Appeals Council vacated that decision and remanded for further proceedings.  On remand, a different ALJ held a hearing on December 17, 2010, and heard testimony from Mr. Garrison, an impartial medical expert, and a vocational expert.  The ALJ found that Mr. Garrison suffered from the severe impairments of "left rotator cuff tear, right rotator cuff tendinitis, bilateral lateral epicondylitis, knee pain, back pain, ulnar neuropathy, hypertension, and hepatitis C."  Admin. R. at 29.  He found Mr. Garrison's mental impairments to be nonsevere.

The ALJ then determined that Mr. Garrison had the residual functional capacity (RFC) to perform his past relevant work as a card dealer and a supervisor of a card room.  Accordingly, in a decision dated January 3, 2011, the ALJ determined at step four of the controlling five-step sequential evaluation process, *see Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step framework for determining disability), that Mr. Garrison was not disabled under the Social Security Act.  The Appeals Council denied review and the district court affirmed.

## II.    LEGAL STANDARDS

We review the agency's decision to ascertain whether it is supported by substantial evidence in the record and to evaluate whether the correct legal standards were applied. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal quotation marks omitted). To determine whether substantial evidence supports the agency's decision, we examine the record as a whole, but we do not reweigh the evidence. *Id.* We also do not "substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted). In this context, "disability" requires both an "inability to engage in any substantial gainful activity" and a "physical or mental impairment, which provides reason for the inability." *Barnhart v. Walton*, 535 U.S. 212, 217 (2002) (internal quotation marks omitted).

We liberally construe Mr. Garrison's pro se filings. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### III.   DISCUSSION

#### A.  Diagnoses

Mr. Garrison first argues that the medical evidence showed that he was disabled because several of his doctors diagnosed him as having the same medical problems and those problems lasted several years.  For example, he refers to a 2003 test showing degenerative changes in his knee; ten years later, he required surgery on that knee.  But the ALJ noted that knee X-rays taken in July and October of 2006 showed normal findings, and subsequent medical reports did not include complaints or findings about his knees.  As discussed below, evidence of knee surgery performed in 2013, after the ALJ's January 3, 2011, decision, is irrelevant to these proceedings. Therefore, based on our review of the record, we conclude that substantial evidence supports the ALJ's determination that Mr. Garrison had knee pain, but that it did not preclude him from doing his past relevant work.  Furthermore, Mr. Garrison's general argument that the existence of a medical condition directs a conclusion of disability is contrary to law.  "[T]he mere presence of [a condition] is not necessarily disabling," but "alone or in combination with other impairments, must render [claimant] unable to engage in any substantial gainful employment." *Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995) (citations and internal quotation marks omitted).

- 4 -

## B. Physicians' Opinions of Disability

Next, Mr. Garrison contends that the ALJ erred by disregarding his physicians' opinions that he was unable to work. In June 2006, Dr. Wingert stated that Mr. Garrison "cannot do manual labor." Admin. R. at 536. Dr. Blower penned a brief note on April 8, 2009, stating that Mr. Garrison "is disabled and unable to work." *Id.* at 663. And on February 28, 2011, Dr. VanEgeraat wrote a note, at Mr. Garrison's request, stating that he was unable to work since 2006. *Id.* at 699. The ALJ gave "some weight" to those opinions, *id.* at 35, but observed that Dr. Wingert's reference to manual labor probably referred to Mr. Garrison's past work in the construction trade. The ALJ also observed that the physicians may not have been familiar with the definition of "disability" under the Social Security Act and relevant regulations. Therefore, the ALJ concluded that the opinions were not inconsistent with a finding that Mr. Garrison was not disabled.

We must reject Mr. Garrison's argument that the ALJ was required to accept his physicians' statements that he was unable to work. Even if the statements had explained why he could not do any work, which they did not, the determination whether a claimant can perform substantial gainful employment is for the ALJ, not the physicians. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." (internal quotation marks omitted)).

**C. Listings of Impairments**

Mr. Garrison asserts that he has a condition that meets or equals a listing. This is a step-three inquiry whereby "the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition listed in the appendix of the relevant disability regulation." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). The impartial medical expert testified that Mr. Garrison did not meet or equal a listing for upper extremities, low back, or hips and knees. The ALJ determined that Mr. Garrison did not have an impairment or combination of impairments that qualified as a listed impairment. Mr. Garrison has not suggested which listing or listings apply to his condition, citing generally to 20 C.F.R. Pt. 404, Subpt. P, App. 1, the entire collection of listed impairments.

We take the ALJ at his word that he considered whether Mr. Garrison met a listing. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (stating court of appeals usually "take[s] a lower tribunal at its word when it declares that it has considered a matter"). Moreover, we conclude that the ALJ fulfilled his duty to explain the reasons for the adverse determination. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (stating that under 42 U.S.C. § 405(b)(1) an ALJ is "required to discuss the evidence and explain why he found that [the claimant] was disabled at step three"). The ALJ noted that no physician concluded that Mr. Garrison met or equaled a listing, and that Mr. Garrison had not claimed that he did. As for mental impairments, the ALJ found at step two that those were

- 6 -

nonsevere, thus directing the conclusion that they did not meet a listing at step three. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) (holding that "an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment").

**D. RFC Finding**

Next, we consider Mr. Garrison's claim that the medical records and reports show degenerative wear to his right knee, chronic osteoarthritis, and rotator cuff tears in both shoulders. He also contends that he cannot do his past work as card dealer or supervisor of a card room because he cannot do the constant hand manipulations. In addition, he points out that the psychological experts diagnosed major depression, alcohol abuse, cannabis dependence, paranoid personality order, and post-traumatic stress disorder. He says he also has panic attacks, as well as moderate difficulty in social and occupational settings. We construe these claims as a challenge to the ALJ's RFC assessment.

RFC is "what the claimant can still do despite his or her limitations." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). "At step four, the ALJ must consider whether the claimant's impairment or combination of impairments prevents [him] from performing [his] past work." *Flaherty*, 515 F.3d at 1071 (internal quotation marks omitted). The ALJ's discussion of the evidence and his reasons for his conclusions demonstrate that he considered all of Mr. Garrison's

impairments. Among the ALJ's RFC findings was that Mr. Garrison could perform fingering on a frequent basis. Although at the hearing Mr. Garrison stated that his past jobs required constant fingering, the VE described the fingering required for those jobs as "frequent" for a card dealer, and "occasional" for a card-room supervisor. Admin. R. at 116. "[O]ur limited scope of review precludes this court from reweighing the evidence or substituting our judgment for that of the [Commissioner]." *Id.* (internal quotation marks omitted).

Mr. Garrison further claims on appeal that he cannot return to his past work as a card dealer or supervisor of a card room because due to his financial situation he would be unable to obtain the required gaming license. But alleged obstacles unrelated to a claimant's physical and mental abilities to work are not relevant to the step-four determination. *See* 42 U.S.C. § 423(d)(2)(A) (stating that an individual is disabled only if his physical or mental impairments are so severe that he is unable to do his previous work or other substantial gainful employment).

### E. Credibility Finding

Mr. Garrison argues that his severe pain required a finding of disability. He also claimed that his medication made him dizzy, but the ALJ discounted this claim because the medical treatment notes did not reflect that he had complained to his doctors about dizziness. The ALJ determined that his allegations of disabling pain

were not fully credible to the extent they were inconsistent with the RFC assessment.[1]

It is well-established that "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (internal quotation marks omitted). Those findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* (internal quotation marks omitted). "A claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Branum v. Barnhart*, 385 F.3d 1268, 1273 (10th Cir. 2004) (internal quotation marks omitted). In evaluating a claimant's allegations of disabling pain, the ALJ

> is required to consider and determine (1) whether the claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether the impairment is reasonably expected to produce some pain of the sort alleged (what we term a "loose nexus"); and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's pain was in fact disabling.

*Keyes-Zachary*, 695 F.3d at 1166-67. Here, the ALJ found that Mr. Garrison had satisfied the first two elements, and proceeded to consider whether his pain was disabling. After considering the relevant factors of his daily activities, his work activity since the alleged onset date, and the objective medical evidence, *see id.*

---

[1]    Although Mr. Garrison claims that the ALJ found him less credible based on his delay in seeking medical treatment due to inadequate funds, the ALJ did not attach any significance to a delay in seeking treatment.

at 1167 (listing relevant factors), the ALJ found that his claim of disabling pain was not credible. Moreover, "'disability' requires more than the mere inability to work without pain." *Wall*, 561 F.3d at 1068 (internal quotation marks omitted). We conclude that the ALJ's credibility finding is supported by substantial evidence.

### F. Remaining Arguments

Mr. Garrison complains that the ALJ did not consider his lay-witness testimony. We assume he refers to the statements submitted by his children and friends. The ALJ did consider these statements, but gave them little weight because they offered conflicting information about Mr. Garrison and made no suggestions of specific limitations the ALJ had not already considered.

Mr. Garrison also asserts that the ALJ overemphasized the evidence that following his alleged onset of disability, he had worked remodeling mobile homes. The ALJ did not find, however, that this remodeling work "presumptively indicate[d] substantial gainful activity." Admin. R. at 34. Rather, this work, as well as other jobs requiring physical activity that Mr. Garrison did after his alleged onset date, such as shoveling snow, managing a trailer court, and mowing lawns, adversely affected his credibility.

Both of these arguments ask this court to reweigh the evidence to benefit Mr. Garrison. Our function is not to retry the case or reweigh the evidence, but to review the record as a whole to ensure that the ALJ applied the correct legal standards and that the ALJ's decision is supported by substantial evidence. *Flaherty*,

515 F.3d at 1070. Therefore, Mr. Garrison is not entitled to relief on either argument.

We also reject Mr. Garrison's contention that "[l]ight limited work is not gainful employment." Aplt. Reply Br. at 2. To the extent Mr. Garrison argues that the ALJ found he could not work a full-time work schedule, the ALJ did not make such a finding. Rather, the ALJ determined that Mr. Garrison could do a full range of "light" work, *see* 20 C.F.R. §§ 404.1567(b) & 416.967(b) (defining "light" work), with some limitations, such as standing or walking for 6 hours out of an 8-hour workday.

Finally, we address Mr. Garrison's claim that the ALJ erred in finding him not disabled based on evidence generated after the agency's unfavorable decision in this case. Such evidence apparently resulted in a favorable agency decision on his subsequent application for supplemental security income. Evidence showing that Mr. Garrison had developed a condition pertinent to the disability determination is "relevant only to a new application for benefits commencing after the ALJ's decision here." *Krauser v. Astrue*, 638 F.3d 1324, 1329 (10th Cir. 2011); *but see id.* (directing ALJ to consider evidence developed following the agency's decision because the case was remanded for further proceedings "in light of other error [that] extend[ed] the potential period of disability through the next date of decision"). We also do not consider the evidence pertaining to his asbestos-related disease that was submitted for the first time on appeal to this court. *See Carter v. Chater*, 73 F.3d 1019, 1022

n.3 (10th Cir. 1996) ("Normally, we do not consider evidence presented for the first time on appeal.").

## IV.    CONCLUSION

The judgment of the district court is affirmed.


Entered for the Court


Stephen H. Anderson
Circuit Judge