FILED
United States Court of Appeals
Tenth Circuit

September 29, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICHARD DUMAS, JR.,

Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant-Appellee.

No. 14-3015
(D.C. No. 6:12-CV-01405-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **MATHESON**, Circuit Judges.

Richard Dumas, Jr., proceeding pro se on appeal, seeks reversal of the district

court's judgment upholding the decision of an administrative law judge (ALJ) to

deny his application for social security disability benefits and supplemental security

income benefits. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

§ 405(g). We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

Mr. Dumas alleged his disability began on November 1, 2007.  At his administrative hearing on April 11, 2011, Mr. Dumas was represented by counsel. Mr. Dumas and a vocational expert (VE) testified.

In her May 16, 2011 decision, the ALJ found Mr. Dumas suffered from "a mental impairment variously diagnosed to include depressive disorder, alcohol abuse/dependence in remission, cocaine and marijuana abuse in alleged remission, and borderline intellectual functioning, and lumbar and right hip arthralgias, cephalgias, and Hepatitis C with liver fibrosis."  R. at 34.  The ALJ also found these impairments did not meet or equal the listings for presumptive disability.

The ALJ then concluded Mr. Dumas had the residual functional capacity (RFC) to perform his past relevant work as a line attendant.  The ALJ further concluded Mr. Dumas could do his past work as he had performed it based on his counsel's stipulation that the job description in the *Dictionary of Occupational Titles* (DOT) 920.687-042 accurately depicted Mr. Dumas's past line attendant job. Finally, the ALJ determined at step four of the controlling five-step sequential evaluation process, *see Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step framework for determining disability), that Mr. Dumas was not disabled under the Social Security Act.

The Appeals Council denied review.  Again represented by counsel, Mr. Dumas appealed to the district court, which affirmed the agency's denial of benefits.

## II. **LEGAL STANDARDS**

We review whether substantial evidence in the record supports the agency's decision and whether the correct legal standards were applied. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal quotation marks omitted). We examine the record as a whole, but we do not reweigh the evidence. *Id.* We also do not "substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted).

In this context, "disability" requires both an "inability to engage in any substantial gainful activity" and a "physical or mental impairment, which provides reason for the inability." *Barnhart v. Walton*, 535 U.S. 212, 217 (2002) (internal quotation marks omitted).

We liberally construe Mr. Dumas's pro se filings. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## III. **DISCUSSION**

On appeal, Mr. Dumas asserts his serious physical and mental conditions are

disabling.  He alleges multiple errors in the ALJ decision and also attaches various

documents to his appellate briefs.

## A. *Alleged Errors*

Mr. Dumas contends the ALJ decision is erroneous because (1) Dr. Fullard

prescribed a walking cane on September 9, 2009; (2) two of his physicians stated he

is unable to work; (3) the ALJ did not consider all of his disabilities, including his

"Mental disorder, Migraine headaches, Liver failure, Kidney failure, hypertension,

Degenerative arthritis in [his] back and hip, Gallbladder, [and] Dislocated hip [sic,

generally]," Addendum to Aplt. Opening Br.; (4) the ALJ did not properly assess his

disabling pain that affected his concentration and physical movement; (5) the ALJ

did not consider all of his medical records; (6) the ALJ's RFC determination and

hypothetical question to the VE were impermissibly vague because the ALJ's

limitations included "few work place changes," *see* R. at 37, but the ALJ did not

define "few"; (7) the ALJ did not make the required findings for the mental demands

of his past job as a line attendant; and (8) the ALJ did not properly evaluate whether

he could perform his past job as a line attendant.

Mr. Dumas, through counsel, raised only issues (7) and (8) to the district court

and thus "deprived the district court of the opportunity to analyze and rule on [the]

issue[s] now raised . . . for the first time on appeal," *Wall*, 561 F.3d at 1066 (brackets

and internal quotation marks omitted).  Consequently, he "failed to preserve th[ese]

issue[s] for our review," and they are waived.  *Id.*  Mr. Dumas's pro se status on

appeal does not affect this conclusion. *Cf. Garrett*, 425 F.3d at 840 (stating allowances are made for pro se litigant's filings, but pro se litigant must "follow the same rules of procedure that govern other litigants" (internal quotation marks omitted)).

We consider the preserved claims concerning the mental demands of Mr. Dumas's past work and his ability to perform that work. "A claimant capable of performing past relevant work is not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. §§ 404.1520(e) & 416.920(e). The claimant bears the burden of proving his or her inability to perform past relevant work." *Andrade v. Sec'y of Health and Human Servs.*, 985 F.2d 1045, 1050 (10th Cir. 1993).

The district court noted the issues were limited to whether Mr. Dumas had the RFC to perform his past work as a line attendant—specifically, whether he could meet the mental demands of the job. The court observed Mr. Dumas's counsel had stipulated that the description of the line attendant job in the DOT dictionary accurately described Mr. Dumas's past job. The ALJ therefore was not required to make specific findings as to the physical and mental demands of the job as Mr. Dumas actually performed it. And under the DOT description, the mental demands of the line attendant job were within the mental limitations of the RFC that the ALJ assigned to Mr. Dumas, limitations he did not challenge.

The district court further stated that even if the ALJ erred in determining Mr. Dumas retained the RFC for the line attendant job as he had actually performed it,

any error was harmless because the ALJ also determined that Mr. Dumas could return to the line attendant job as the job is generally performed in the national economy. "[C]laimant bears the burden of proving his inability to return to his particular former job *and* to his former occupation as that occupation is generally performed throughout the national economy." *Id.* at 1051 (emphasis added). Accordingly, the court found that substantial evidence supported the ALJ's decision to deny benefits to Mr. Dumas.

Based on our review of the record, we agree that substantial evidence supports the ALJ's determination. For substantially the same reasons as stated by the district court, we affirm the district court's order.

B. *Attached Records*

Mr. Dumas attached medical records to his appellate briefs, some of which were dated before the ALJ's decision and some after. A court may remand to the ALJ for additional proceedings "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). "Evidence is material if the [ALJ's] decision might reasonably have been different had the [new] evidence been before [her] when [her] decision was rendered." *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010) (internal quotation marks omitted).

We have reviewed these medical records and conclude they would not reasonably have changed the ALJ's decision. None "purport[s] to retroactively

diagnose a condition existing in the period preceding the ALJ's decision [or] indicate[s] any impaired functioning relating back to that period," *Krauser v. Astrue*, 638 F.3d 1324, 1329 (10th Cir. 2011).[1]  To the extent the records dated after the ALJ's decision indicate a new condition, this evidence is "relevant only to a new application for benefits commencing after the ALJ's decision," *id.*; *but see id.* (directing ALJ to consider evidence developed following the agency's decision because the case was remanded for further proceedings "in light of other error [that] extend[ed] the potential period of disability through the next date of decision").  The medical records attached to Mr. Dumas's briefs do not warrant a remand for further consideration.

## IV. **CONCLUSION**

The judgment of the district court is affirmed.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge

---

[1] One of the attachments is a form signed by Dr. Munns in June 2010, which indicated that Mr. Dumas was unable to work until follow-up or further notice.  The ALJ addressed and discounted this form because the record did not contain any other records from Dr. Munns to support an ongoing work restriction, and because Mr. Dumas had stated he was feeling better one week after the form was signed.  *See* R. at 40.