FILED
United States Court of Appeals
Tenth Circuit

March 12, 2021

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT
_____

MARIE DIANE DEHERRERA,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 20-1189
(D.C. No. 1:19-CV-01156-MEH)
(D. Colo.)

_____

### ORDER AND JUDGMENT*
_____

Before **PHILLIPS**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Marie Deherrera appeals from an order of the district court affirming the

Social Security Commissioner's denial of her application for supplemental security

income and disability insurance benefits under the Social Security Act. Exercising

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

_____

    * After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Deherrera worked as a college admissions clerk until February 1, 2016. She suffered from a range of ailments, including degenerative disc disease, heart failure, and chronic obstructive pulmonary disease. She filed applications for supplemental security income and disability insurance benefits. The Commissioner denied her claim, so she requested a hearing before an administrative law judge (ALJ). The ALJ took testimony from Deherrera and reviewed medical records from, inter alia, Drs. Ronald Jendry, Michael Canham, and Michael Weaver. Of those three doctors, only Dr. Jendry examined Deherrera; Drs. Canham and Weaver formed their opinions by reviewing Deherrera's medical records.

The opinions of Drs. Jendry, Canham, and Weaver were similar in most respects. All three opined that Deherrera could perform sedentary work with significant limitations. The doctors differed, though, on whether Deherrera had manipulative limitations, such as reaching, pushing, pulling, handling, grasping, fingering, and feeling. Dr. Jendry opined Deherrera could only occasionally perform such activities during a normal workday whereas Drs. Canham and Weaver opined Deherrera had no manipulative limitations.

In her written decision, the ALJ followed the five-step sequential evaluation process the Social Security Administration uses to review disability claims.[1] At step

_____

[1] We have previously described the five-step process as follows:

> Social Security Regulations mandate that the ALJ who
> determines a claim for benefits under the Social Security

2

four, the ALJ concluded Deherrera could still perform her past relevant work as a college admissions clerk and that the restrictions imposed upon her due to her disability would not preclude her from performing the job as it is generally performed in the national economy. In reaching this decision, the ALJ gave "partial weight" to Dr. Jendry's opinion, discounting his opinion regarding Deherrera's manipulative limitations because Deherrera's "exam findings have not shown any persuasive evidence of the sorts of exam findings that would normally be associated with such limitations – i.e. loss of sensation, diminished grip strength, etc." Aplt. App Vol. 1 at 21. The ALJ gave "great weight" to the opinions of Drs. Canham and Weaver because they "were rendered after a thorough review of the record, and are consistent with [Deherrera's] exam findings, the objective diagnostic evidence, and [Deherrera's] treatment history." *Id.*

The ALJ also evaluated Deherrera's testimony regarding the extent to which her pain precluded her from working. The ALJ concluded that, while Deherrera's

---

Act follow a five-step evaluation: (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work. If at any point in the process the Secretary finds that a person is disabled or not disabled, the review ends.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citation, footnote, and internal quotation marks omitted).

medically determinable impairments could be expected to produce the symptoms Deherrera described, her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 18. Reviewing Deherrera's treatment history, the ALJ found Deherrera's "use of oxygen appears to have helped significantly," which persuaded her that Deherrera, with restrictions, was "otherwise capable of sustaining a range of sedentary work on an ongoing basis." *Id.* at 20.

The ALJ further found that Deherrera's testimony did not constitute strong evidence of disability because (1) there was no way to objectively verify the limitations Deherrera described with any reasonable degree of certainty; (2) the medical evidence was insufficient to attribute those limitations to Deherrera's medical condition as opposed to something else; and (3) the assertions of disability were inconsistent with Deherrera's testimony that she could dress and bathe herself, drive, cook and clean for herself, and care for a six-year-old child and developmentally disabled adult brother. *Id.* at 20–21.

After exhausting her administrative remedies, Deherrera filed a civil action seeking review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The district court affirmed the ALJ's decision, and Deherrera appeals.

## DISCUSSION

We review the district court's decision de novo, applying the same standards as the district court. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). We therefore review the decision of the ALJ to determine whether substantial

4

evidence supports her factual findings and whether she applied the correct legal standards. *See id.* "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "more than a scintilla." *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). "We do not reweigh the evidence or retry the case, but we meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal quotation marks omitted).

Deherrera challenges the ALJ's decision in two respects. First, she argues the ALJ should have given greater weight to the opinion of Dr. Jendry than to the contrary opinions of Drs. Weaver and Canham regarding whether she had manipulative limitations. Second, she argues the ALJ did not make adequate findings at step four regarding the functional effects of her subjective symptoms. We reject each contention.

1. *Weight afforded to conflicting expert testimony*

Deherrera argues the ALJ should have given more weight to Dr. Jendry's opinion than to the opinions of Drs. Canham and Weaver regarding her manipulative limitations. We reject this argument. While the Commissioner's regulations provide that the opinions of examining physicians like Dr. Jendry are generally entitled to more weight than the opinions of consultative physicians like Drs. Canham and Weaver, *see* 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(3), that rule is not absolute, *see Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) ("An ALJ may decline to

5

give controlling weight to the opinion of a . . . physician where he articulates specific, legitimate reasons for his decision, finding, for example, the opinion unsupported by medically acceptable clinical and laboratory diagnostic techniques or inconsistent with other substantial evidence in the record." (alteration, citation, and internal quotation marks omitted)). Here, the ALJ declined to credit Dr. Jendry's opinion regarding Deherrera's manipulative limitations because it was contrary to clinical exam findings showing normal sensation, grip strength, and range of motion. More than a scintilla of evidence supports this finding, so we cannot disturb it. *See Glass*, 43 F.3d at 1395.

### 2. *Evaluation of the functional effects of Deherrera's subjective symptoms*

Deherrera also argues the ALJ erred by disregarding Social Security Ruling (SSR) 16-3P and by making improper credibility determinations when considering the functional effects of her pain and fatigue. SSR 16-3P provides:

> In addition to using all of the evidence to evaluate the intensity, persistence, and limiting effects of an individual's symptoms, we will also use the factors set forth in 20 CFR 404.1529(c)(3) and 416.929(c)(3). These factors include:
>
> 1. Daily activities;
>
> 2. The location, duration, frequency, and intensity of pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

6

> 5. Treatment, other than medication, an individual receives
> or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment an individual uses or
> has used to relieve pain or other symptoms (e.g., lying flat
> on his or her back, standing for 15 to 20 minutes every
> hour, or sleeping on a board); and
>
> 7. Any other factors concerning an individual's functional
> limitations and restrictions due to pain or other symptoms.
>
> We will consider other evidence to evaluate only the
> factors that are relevant to assessing the intensity,
> persistence, and limiting effects of the individual's
> symptoms.

2017 WL 5180304, at *7–8 (Oct. 25, 2017). But the ALJ need not consider every

one of these factors. *See id.* at *8 ("If there is no information in the evidence of

record regarding one of the factors, we will not discuss that specific factor in the

determination or decision because it is not relevant to the case."). And an ALJ need

not engage in "a formalistic factor-by-factor recitation of the evidence" when

evaluating the functional effects of a claimant's subjective symptoms. *Qualls v.*

*Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Deherrera asserts "the ALJ failed to evaluate all but one of [the SSR 16-3P]

factors: Ms. Deherrera's daily activities. For the other factors, the ALJ merely listed

some of the relevant evidence without evaluating it, without explaining how she

found it supportive." Aplt. Opening Br. at 34. The record belies this assertion. The

ALJ considered Deherrera's testimony that she could not walk, was missing work due

to her hospitalizations, used a nebulizer and rescue inhaler, suffered back pain and

numbness in her right arm when giving tours, could not lift her arm above her head,

7

could not clean her home like she used to, and had to give up activities such as playing guitar and sculpting. After comparing that testimony with radiological studies, treatment history, exam findings, lack of use of assistive devices such as braces and other pain-relieving garments, and Deherrera's daily activities, the ALJ concluded Deherrera retained the residual functional capacity to perform her past relevant work. More than a scintilla of evidence supports this conclusion.

Deherrera also argues the ALJ's statement that her subjective complaints were not subject to verification by objective medical evidence reflects an evaluation of her credibility that SSR 16-3P prohibits. *See* 2017 WL 5180304, at * 2 ("Subjective symptom evaluation is not an examination of an individual's character."). But we have previously upheld comments of this type as "common sense" when describing why a claimant's testimony is not, alone, strong evidence of disability. *See Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009). Taken in context with the decision as a whole, this isolated remark does not indicate the ALJ based her decision on any improper considerations.

Finally, Deherrera advances several individual criticisms of the ALJ's analysis of the evidence, asserting that the medical evidence could have supported a finding of greater disability and that her daily activities were not as inconsistent with her claims of disability as the ALJ found them to be. But while these arguments may show the ALJ could have interpreted the evidence to support a different outcome, they, at most, amount to invitations to reweigh the evidence, which we cannot do. *Flaherty*, 515 F.3d at 1070.

**CONCLUSION**

We affirm the judgment of the district court. We grant Deherrera's motion to proceed in forma pauperis. The full filing fee remains due and payable.

Entered for the Court

Carolyn B. McHugh
Circuit Judge